IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Rhonda J. H.[1], | ) | Civil Action No. 8:22-cv-02899-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER and OPINION** |
| v. | ) | |
| | ) | |
| Commissioner of Social Security | ) | |
| Administration, | )r | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for a final Order pursuant to Local Civil Rules 73.02(B)(1) and 83.VII.02, D.S.C.; 28 U.S.C. § 636(c); the parties' consent to disposition by a Magistrate Judge [Doc. 9]; the Order of reference signed by the Honorable Timothy M. Cain on August 31, 2022 [Doc. 10]; and the motion to remand of the Commissioner of Social Security Administration ("the Commissioner") [Doc. 26]. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Commissioner denying Plaintiff's claim for disability insurance benefits ("DIB"). [Doc. 1.] The Commissioner has moved seeking to have the Court enter a judgment with an order of reversal, remanding the case for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). [Doc. 26.] Plaintiff opposes the Commissioner's motion, arguing that "[Plaintiff] is entitled to benefits given the extensive

---

[1] The caption is modified to refer to Plaintiff by her first name and last initial consistent with the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States due to significant privacy concerns in Social Security cases. *See, Tara M. v. Kijakazi*, No. 8:20-3363-BHH, 2021 WL 4777363, at *1 n.1 (D.S.C. Oct. 13, 2021).

record and the Defendant has not identified any new evidence or rationale that would justify another remand for further proceedings." [Doc. 27.] The Commissioner's motion is now ripe for review.

## **STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)," not on the reviewing court. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (stating that where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision). Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Commissioner so long as the decision is supported by substantial evidence. *See Bird v. Comm'r*, 699 F.3d 337, 340 (4th Cir. 2012); *Laws*, 368 F.2d at 642; *Snyder v. Ribicoff*, 307 F.2d 518, 520 (4th Cir. 1962).

The reviewing court will reverse the Commissioner's decision on plenary review, however, if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Myers v. Califano,* 611 F.2d 980, 982 (4th Cir. 1980); *see also Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Where the Commissioner's decision "is not supported by substantial evidence, [the district court] may affirm, modify, or reverse the [Commissioner's decision] 'with or without remanding the cause for a rehearing.'" *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (quoting 42 U.S.C. § 405(g)). Remand is unnecessary where "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The court may remand a case to the Commissioner for a rehearing under sentence four or sentence six of 42 U.S.C. § 405(g). *See Shalala v. Schafer*, 509 U.S. 292, 296 (1993). To remand under sentence four, the reviewing court must find either that the Commissioner's decision is not supported by substantial evidence or that the Commissioner incorrectly applied the law relevant to the disability claim. *See, e.g.*, *Jackson v. Chater*, 99 F.3d 1086, 1090–91 (11th Cir. 1996) (holding remand was appropriate where the ALJ failed to develop a full and fair record of the claimant's residual functional capacity); *Brenem v. Harris*, 621 F.2d 688, 690–91 (5th Cir. 1980) (holding remand was appropriate where record was insufficient to affirm but was also insufficient for court to find the claimant disabled). Where the court cannot discern the basis for the

Commissioner's decision, a remand under sentence four is usually the proper course to allow the Commissioner to explain the basis for the decision or for additional investigation. *See Radford*, 734 F.3d at 295; *see also Smith v. Heckler*, 782 F.2d 1176, 1181–82 (4th Cir. 1986) (remanding case where decision of ALJ contained "a gap in its reasoning" because ALJ did not say he was discounting testimony or why); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (remanding case where neither the ALJ nor the Appeals Council indicated the weight given to relevant evidence). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *See Smith*, 782 F.2d at 1182 ("The [Commissioner] and the claimant may produce further evidence on remand."). After a remand under sentence four, the court enters a final and immediately appealable judgment and then loses jurisdiction. *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991).

## **PROCEDURAL HISTORY**

In July 16, 2015, Plaintiff filed an application for DIB alleging disability beginning November 16, 2013, due to "[b]ipolar, depression, anxiety, arthritis, hearing loss," panic attacks, mood swings, suicidal thoughts, and difficulty concentrating. [R. 262.] The Social Security Administration denied the claim initially and on reconsideration. [R. 131–34, 136–39.] Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and the ALJ issued a decision on July 25, 2018, finding Plaintiff not disabled under the Social Security Act ("the Act"). [R. 11–33.] Plaintiff filed a civil action in this Court, and, on June 9, 2020, the matter was remanded to the Commissioner for further administrative proceedings in accordance with the fourth sentence of section 205(g) of the Social Security

4

Act. [1244–70.] On January 7, 2021, the ALJ held another hearing [R. 1187–1214], and on February 10, 2021, the ALJ issued a subsequent unfavorable decision. [R. 1162–78.]

On August 31, 2022, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision, an award of benefits, or remand of the case for further hearing. [Doc. 1.] In her memorandum opposing remand, Plaintiff contends that Plaintiff has "established disability through the evidence submitted, including the opinion evidence this Court noted were supported by the underlying records, and further administrative proceedings are not justified but merely continue to unduly delay the benefits she established that she is entitled to." [Doc. 27 at 6.] Plaintiff contends that "Defendant's repeated failure to provide a satisfactory resolution of the Plaintiff's case has caused undue hardship and delay, violating the Plaintiff's right to a timely determination of benefits under the [Act]." [*Id*.] The Commissioner contends, however, that the record does not compel a conclusion that Plaintiff was disabled because of unresolved factual issues concerning the analysis of medical opinions. [Doc. 26-1 at 3.] The Commissioner contends the ALJ did not sufficiently analyze the materiality of Plaintiff's substance abuse disorder according to Social Security Ruling (SSR) 13-2p in combination with Plaintiff's other impairments. [*Id*. at 3–4.] Thus, the Commissioner contends, "remand for further consideration of Plaintiff's substance abuse consistent with SSR 13-2p is necessary." [*Id*. at 4.]

## **DISCUSSION AND ANALYSIS**

The Commissioner contends that further administrative action is warranted in this case because

> the ALJ also discounted the July 2015 opinion of treating psychiatrist Dr. McArthur, partially because it was not

5

> supported by his treatment notes and because it was unsupported by the treatment notes of other providers (Tr. 1175, referring to 698-99). However, the ALJ did not acknowledge the consistencies between Dr. McArthur's opinion and the opinions of other treatment providers (Tr. e.g., 1135-36, 1139, 1142, 1493, 1502, 1520). Instead, the ALJ noted "when the claimant abstained from illegal substances and was compliant with her medication regimen, her mental status examination findings were generally unremarkable" (Tr. 1175-76). This discussion suggests the claimant's severe symptoms were due to substance abuse. However, as discussed above, the ALJ did not find that substance abuse was material in this case and therefore did not perform the proper analysis under the regulations.
>
> Next, the ALJ assigned partial weight to the opinion of consultative examiner Dr. Simons because, among other reasons, it was inconsistent with the claimant's reports of improvement with maintaining sobriety, therapy, and medication management (Tr. 1174-75). As with the ALJ's discussion of Dr. McArthur's opinion, this discussion suggests the claimant's severe symptoms were due to substance abuse. However, the ALJ did not find that substance abuse was material in this case and therefore did not perform the proper analysis under the regulations.

[*Id.* at 4.]

Upon review of the arguments made, and a de novo review of the record, the Court finds that remand for additional administrative proceedings would serve the useful purpose of further developing the record.  As an initial matter, a remand for further administrative proceedings comports with Plaintiff's initial request in her complaint. [*See* Doc. 1 at 2 ¶ 2.] Additionally, it is outside of the ambit of the Court to engage in fact-finding to render a determination regarding the limiting effects of Plaintiff's impairments, or the persuasive value of the medical opinions in this case. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. July 11, 1990) ("Ultimately, it is the duty of the administrative law judge reviewing a case,

and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence.").

**ORDER**

In light of the foregoing discussion and analysis, the Court finds that further developed record would be useful so that the Commissioner can make a proper determination as to whether Plaintiff is entitled to benefits. As such, the Commissioner's motion to remand [Doc. 26] is GRANTED. Consequently, the Commissioner's decision denying Plaintiff's claim is REVERSED and this matter is REMANDED for further administrative proceedings. The Clerk is directed to enter final judgment in this matter in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States Magistrate Judge

January 23, 2024
Greenville, South Carolina